UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NCMIC Insurance Company,

    Plaintiff and Counterclaim
    Defendant,

v.

Allied Professionals Insurance Company
and Charlotte Erdmann,

    Defendants and Counterclaim
    Plaintiffs.

Case No. 22-CV-02018 (JMB/SGE)

**ORDER**

---

Robert E. Kuderer; Erickson, Zierke, Kuderer & Madsen, P.A.; Minneapolis, MN; for Plaintiff and Counterclaim Defendant NCMIC Insurance Company.

Daniel A. Ellerbrock and Joseph A. Nilan; Gregerson, Rosow, Johnson & Nilan, Ltd.; Minneapolis, MN; for Defendant and Counterclaim Plaintiff Charlotte Erdmann.

---

This matter is before the Court on Plaintiff and Counterclaim Defendant NCMIC Insurance Company's (NCMIC) Motion to Dismiss Defendant and Counterclaim Plaintiff Charlotte Erdmann without prejudice under Federal Rule of Civil Procedure 41(a)(2) and her Counterclaim as moot. (Doc. No. 88.) For the reasons explained below, the Court grants the motion in part and denies it in part.

## BACKGROUND

### A. Underlying Action

Erdmann is a licensed massage therapist employed by Valley Chiropractic Clinic (the Clinic). (*See* Doc. No. 26 ¶¶ 38, 42.) In May 2019, Erdmann performed a massage

1

therapy session on a patient at the Clinic. (Doc. No. 1 ¶ 12; Doc. No. 26 ¶ 47.) The patient allegedly suffered injuries as a result of that session. (Doc. No. 1 ¶ 12.) The patient's injuries were reported to two insurers: (1) NCMIC, which had issued a professional liability insurance policy to the Clinic (the NCMIC Policy) (*see* Doc. No. 26 ¶ 54; Doc. No. 1 ¶ 18; Doc. No. 1-3); and (2) Defendant and Counterclaim Plaintiff Allied Professionals Insurance Company (Allied), which had issued a professional and general liability insurance policy to Erdmann individually (the Allied Policy). (Doc. No. 26 ¶ 53; Doc. No. 1 ¶ 13; Doc. No. 1-2.) In November 2019, the claims against Erdmann were formally tendered to NCMIC for defense and indemnity. (Doc. No. 26 ¶ 55.) In January 2020, NCMIC denied the tender of the claims against Erdmann, explaining that it was "of the opinion that NCMIC [wa]s not responsible for defending and/or indemnifying [Erdmann]." (*Id.* ¶ 56.)

In March 2021, the patient and her spouse initiated a medical malpractice lawsuit against Erdmann and the Clinic in Minnesota state court (the Underlying Action). (Doc. No. 1 ¶ 11; Doc. No. 1-1.) Allied defended Erdmann in the Underlying Action. (Doc. No. 1 ¶ 17.) NCMIC defended the Clinic. In July 2022, Erdmann reiterated her tender to NCMIC for defense and indemnity and asked NCMIC to identify an adjuster to consult with regarding settlement of the claims against her. (Doc. No. 26 ¶ 57.) NCMIC denied that tender based on its belief that Allied's coverage was primary and that, assuming Erdmann met all coverage requirements under the NCMIC Policy, NCMIC's coverage would be excess to Allied's. (*Id.* ¶ 58.) In August 2022, Erdman again demanded that

2

NCMIC defend and indemnify her and contribute to a settlement of the claims against her. (*Id.* ¶ 59.)

### B. This Action

Shortly thereafter, in August 2022, NCMIC commenced this action against Allied and Erdmann[1] seeking a declaration that it is not obligated under the NCMIC Policy to defend or indemnify Erdmann against the underlying claims, or, if the NCMIC Policy is found to cover Erdmann, that its coverage is excess to the coverage provided to Erdmann under the Allied Policy. (Doc. No. 1 ¶¶ 26–31.) In September 2022, Erdmann raised counterclaims for declaratory relief and breach of contract. (*See* Doc. No. 26.) More specifically, Erdman sought an order declaring that she was "entitled to coverage under the NCMIC Policy for [the claims brought in the Underlying Action] and any resulting damages, up to her own separate $1,000,000 limit of liability." (*Id.* at 14; *see also id.* ¶¶ 37, 66–86.) She further alleged that because she was an insured entitled to coverage under the NCMIC Policy, NCMIC had breached its contract by "repudiat[ing] and/or den[ying] coverage to [her]" and by "declin[ing] and/or fail[ing] to contribute toward a settlement." (*Id.* ¶¶ 87–92.) Erdmann further alleged that she suffered or would suffer damages because of this breach and sought "damages, interest, and attorney fees resulting from or related to NCMIC's breach of contract." (*Id.* ¶ 92; *see also id.* at 14.) In October 2022, the Underlying Action settled. (*See* Doc. No. 46-5.) Allied paid $1.6 million on Erdmann's behalf (*id.*), and NCMIC paid $250,000 on behalf of the Clinic (Doc. No. 46-9).

---

[1] The Complaint also named the patient, her spouse, and the Clinic as defendants. (*See* Doc. No. 1.) Those defendants have since been dismissed. (Doc. Nos. 43, 79.)

Following a dispute and appeal between NCMIC and Allied regarding the arbitrability of the coverage issues (*see* Doc. Nos. 31, 50, 51), NCMIC asked Erdmann to stipulate to being dismissed from this action and bound by the final declaratory judgment rendered in her absence. (Doc. No. 97 ¶ 4.) Erdmann declined that request.

## DISCUSSION

NCMIC now moves to voluntarily dismiss Erdmann without prejudice under Rule 41(a)(2) and her counterclaims as moot. (Doc. No. 88.) Erdmann opposes the motion. (Doc. No. 96.) For the following reasons, the Court grants the motion to the extent that NCMIC seeks to voluntarily dismiss its claims against Erdmann but denies the motion to the extent that it seeks dismissal of Erdmann and her counterclaims.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals of actions. *See* Fed. R. Civ. P. 41(a). Under Rule 41(a)(2), when a plaintiff seeks to voluntarily dismiss an action, courts may order dismissal "on terms that the court considers proper." Fed. R. Civ. P. 42(a)(2). When a defendant has pleaded counterclaims before being served with a plaintiff's motion to dismiss and objects to dismissal, courts do not dismiss a plaintiff's claims without permitting the defendant's counterclaims to "remain pending for independent adjudication." *Id.*; *see also Twin City Fire Ins. Co. v. Mattmiller*, No. 5:19-CV-344-JMH, 2021 WL 2744507, at *3 (E.D. Ky. July 1, 2021) ("[If] the counterclaim can remain pending for independent adjudication by the court . . . . then the Court may proceed to determine whether the plaintiff should be permitted to dismiss the action." (citation omitted) (internal quotation marks omitted)); 8 Moore's Federal Practice § 41.40[8][a] (3d ed. 1997) ("[A] plaintiff may not dismiss an action when the dismissal would destroy

4

federal jurisdiction and prevent the court from adjudicating the defendant's counterclaim."); 9 Wright & Miller's Federal Practice & Procedure § 2365 (4th ed.) (explaining that Rule 41(a)(2) "prohibits dismissal when the counterclaim lacks independent grounds of jurisdiction"). These requirements are intended "to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

Here, Erdmann's counterclaims were pending for nearly two and a half years before NCMIC filed the instant motion, and she opposes the motion. (*See* Doc. Nos. 26, 88, 96.) Therefore, the Court can permit dismissal of NCMIC's claims against Erdmann only if it determines that Erdmann's counterclaims can remain pending for independent adjudication.[2] Initially, the Court observes that dismissal of NCMIC's claims against Erdmann would not hinder the exercise of federal jurisdiction under 28 U.S.C. § 1332 over Erdmann's counterclaims because the parties are diverse, and the amount in controversy exceeds $75,000. (Doc. No. 26 ¶¶ 38–41.) Moreover, Erdmann identifies no prejudice that would occur if the Court were to dismiss NCMIC's claims against her but leave the counterclaims pending. For these reasons, the Court grants NCMIC's motion to the extent that it seeks dismissal of its claims but denies the motion to the extent that it seeks dismissal

---

[2] NCMIC argues that the counterclaims should be dismissed because they are moot, and Erdmann has no real interest in the declaratory judgment given that the Underlying Action has settled and Allied paid $1.6 million on her behalf. (Doc. No. 90 at 7–10.) It further argues that dismissal is proper because it has presented an explanation for its desire to dismiss, dismissal would not result in a waste of judicial resources, and dismissal will not prejudice Erdmann. (*Id.* at 10–13.) Erdmann disputes these arguments. (*See* Doc. No. 96.) The Court concludes that NCMIC's arguments are better suited to a motion brought under Rule 12 rather than a request for dismissal under Rule 41.

5

of the counterclaims.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Plaintiff and Counterclaim Defendant NCMIC Insurance Company's Motion to Dismiss (Doc. No. 88) is GRANTED IN PART and DENIED IN PART as follows:

1. The Motion to Dismiss (Doc. No. 88) is GRANTED to the extent that Plaintiff and Counterclaim Defendant NCMIC Insurance Company seeks voluntary dismissal of its claims against Defendant and Counterclaim Plaintiff Erdmann.

2. The Motion to Dismiss is DENIED (Doc. No. 88) to the extent that Plaintiff and Counterclaim Defendant NCMIC Insurance Company seeks dismissal of Defendant and Counterclaim Plaintiff Erdmann's counterclaims.

3. NCMIC Insurance Company's claims against Erdmann are dismissed WITHOUT prejudice.

Dated:  October 28, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court